UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PATRICK SHANE RAFFERTY,** | ) | **CASE NO. 5:08CV1973** |
| | ) | |
| Petitioner, | ) | **JUDGE SARA LIOI** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **STUART HUDSON,** | ) | |
| | ) | **(HABEAS CORPUS)** |
| Respondent. | ) | |

This Memorandum Opinion and Order arises out of the Objections (Doc. No. 14) filed by Petitioner Patrick Shane Rafferty ("Rafferty") to the Report and Recommendation of Magistrate Judge George Limbert (Doc. No. 11) recommending a denial of Rafferty's petition for writ of habeas corpus. For the reasons that follow, Rafferty's objections are **OVERRULED**, the Magistrate Judge's Report and Recommendation is **ACCEPTED**, and Rafferty's petition for writ of habeas corpus is **DENIED**. Further, seeing no cause for an evidentiary hearing, the Court **DENIES** Rafferty's motion for an evidentiary hearing. (Doc. No. 13.)

**I. FACTUAL AND PROCEDURAL HISTORY**

In his Objections, Rafferty stated his agreement with the Magistrate Judge's recitation of the facts; accordingly, the Court shall only provide those facts necessary for context. On February 5, 2005, a West Virginia patrolman discovered a decapitated, badly burned human corpse in an open field. In August of that same year, Lisa Penix ("Penix") approached her cousin, a police officer, and informed him that Rafferty shot a man named Steven Spade in the head, decapitated the body with a hacksaw, and dumped the body and set it on fire in West Virginia. She also stated that William Kramer, Derek Shutt, and Jason Keenan were present at the time of the killing and were accomplices. Authorities contacted West Virginia police, who

confirmed that a body had been discovered with the characteristics Penix described.

Rafferty, Kramer, Shutt, Keenan, and Penix were all charged with various crimes. Kramer and Shutt pled guilty to aggravated murder and other lesser crimes in return for the state's recommendation that they not receive the death penalty. Penix went to trial and was found guilty of aggravated murder, kidnapping, tampering with evidence, and abuse of a corpse. In exchange for Keenan's testimony, the state allowed him to plead guilty to lesser crimes. Rafferty also went to trial, during which Kramer, Shutt, Keenan, and Penix testified against him. The jury found Rafferty guilty of aggravated murder, kidnapping, tampering with evidence, and abuse of a corpse and recommended a sentence of life in prison without the possibility of parole, which recommendation was thereafter imposed by the trial court.

Rafferty appealed his aggravated murder conviction to the Ohio Court of Appeals, Ninth District; that court affirmed his conviction on August 8, 2007. On August 22, 2007, Rafferty filed a Rule 26(A) motion for reconsideration, which the court of appeals denied because it was filed more than ten days after the court had entered its order. Rafferty timely appealed the Ninth District's decision to the Ohio Supreme Court, which dismissed the appeal as not involving a substantial constitutional question. Contemporaneously, Rafferty filed a Rule 26(B) application to reopen his appeal, which was denied on the merits by the Ninth District. The Ohio Supreme Court dismissed Rafferty's subsequent appeal as not involving a substantial constitutional question.

On August 8, 2008, Rafferty, *pro se*, filed a petition for writ of habeas corpus in this Court raising the following grounds for relief:

> (1) The state court of appeals erred in denying petitioner's Rule 26(B) application to reopen when he demonstrated a 'genuine issue' of ineffective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments;

2

(2) The court of appeals violated petitioner's due process and equal protection rights by not ruling upon his Rule 26(A) motion for reconsideration;

(3) The trial court abused its discretion by denying petitioner's motion for a change of venue, in violation of the Sixth and Fourteenth Amendments;

(4) Petitioner was denied effective assistance of trial counsel in violation of his Sixth and Fourteenth Amendment rights;

(5) The evidence presented at trial was insufficient as a matter of law to support a conviction of aggravated murder;

(6) The verdicts were against the manifest weight of the evidence;

(7) The cumulative errors at the trial, considered together, deprived petitioner of a fair trial in violation of the Sixth and Fourteenth Amendments;

(8) Prosecutorial misconduct deprived petitioner of a fair trial; and

(9) The trial judge committed judicial misconduct, which deprived petitioner of a fair trial.

(Doc. No. 1.) In a Report and Recommendation, the Magistrate Judge recommended that Rafferty's petition be denied with respect to each ground. (Doc. No. 11.) Rafferty has filed objections to the Report and Recommendation. (Doc. No. 14.)

## II. STANDARD OF REVIEW

This Court's review of Rafferty's petition is limited by the Antiterrorism and Effective Death Penalty Act of 1996. That law prohibits the Court from granting a petition for writ of habeas corpus on behalf of a person in state custody unless the state court issued "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or rendered a decision "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To determine whether a state court decision is contrary to or involves an unreasonable application of clearly established federal law, "a federal

3

court may look only to the holdings of the Supreme Court decisions, not their dicta." *Carey v. Musladin*, 549 U.S. 70, 77 (2006); *Cornwell v. Bradshaw*, 559 F.3d 398, 404-05 (6th Cir. 2009) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A state court decision is contrary to clearly established law only "if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005) (citations omitted). Meanwhile, "[a] state-court decision involves an unreasonable application of [. . .] clearly established precedents if the state court applies [those] precedents to the facts in an objectively unreasonable manner." *Id.* A state court decision is not contrary to or an unreasonable application of federal law simply because it does not cite Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]." *Dennis v. Mitchell*, 354 F.3d 511, 517-18 (6th Cir. 2003) (citing *Early v. Packer*, 537 U.S. 3, 8 (2002)).

Additionally, a federal judge may not issue a writ of habeas corpus if an independent and adequate state ground justifies the prisoner's detention. *Wainwright v. Sykes*, 433 U.S. 72, 81-88 (1977). One such independent and adequate state ground is failing to meet a state's procedural requirements for presenting federal claims to the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Another independent and adequate state ground is a lack of "fair presentation" of the issue to the state courts. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971). To satisfy fair presentation requirements, a habeas petitioner must "give state courts a full opportunity to resolve any constitutional issues by involving 'one complete round' of the state's appellate review system." *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

When a petitioner "procedurally defaults" a ground for relief by one of the above means, the ground cannot be considered by a federal court unless he shows: (1) "cause" and "prejudice" to excuse the failure to present his ground to the state's highest court, or (2) that a fundamental miscarriage of justice would result in the conviction of an actually innocent person. *Id.* To show "cause," a petitioner must show the existence of an objective factor external to him that precluded him from fairly presenting his claim while state remedies were available. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). "Prejudice" requires a showing that the alleged constitutional error worked to the petitioner's actual and substantive disadvantage. *United States v. Frady*, 456 U.S. 152, 170 (1982).

## III. LAW AND ANALYSIS

In his Objections, Rafferty conceded both his first and sixth grounds for relief (Objections at 10, 13), but lodged objections to the Magistrate Judge's recommendation of denial of the remaining grounds. The Court will consider each *seriatim*.[1]

### A. Second ground for relief: Rafferty's Rule 26(A) motion for reconsideration

The Magistrate Judge recommended denial of Rafferty's second ground because (1) as a factual matter, the Ohio court of appeals had ruled upon Rafferty's Rule 26(A) motion by denying it as untimely, and (2) it is meritless in any event. Rafferty objects that he timely sent his Rule 26(A) application based upon Ohio procedural rules. He further objects that even if his application was untimely, he can show cause and prejudice for the delay. (Objections at 3-6.)

The Court need not address Rafferty's objections because his second ground cannot afford him relief. An error of state law is not cognizable in habeas proceedings unless the error also constitutes a violation of federal law. *Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir.

---

[1] Rafferty, the government, and the Magistrate Judge considered the grounds for relief out of order. This Court will consider them in order.

5

1998); *Sinistaj v. Burt*, 66 F.3d 804, 807 (6th Cir. 1995).[2] Rafferty claims that the denial of his Rule 26(A) motion violated his due process rights;[3] thus, he must show that the state law error violated "the fundamental elements of fairness in a criminal trial." *Rivera v. Illinois*, 129 S. Ct. 1446, 1454 (2009) (quoting *Spencer v. Texas*, 385 U.S. 554, 563-64 (1967)). Even if the Ohio court of appeals erroneously denied as untimely Rafferty's motion to reconsider, however, such did not implicate "fundamental elements of fairness." Inasmuch as a criminal defendant does not have a federal constitutional right to appeal a state court conviction, *Cleaver v. Bordenkircher*, 634 F.2d 1010, 1011 (6th Cir. 1980) (citing *McKane v. Durston*, 153 U.S. 684, 687 (1894)), the Court has no difficulty concluding that a criminal defendant does not have a federal constitutional right to file a motion for reconsideration. In any event, Rafferty's motion for reconsideration did not offer any new evidence or arguments that could not have been considered on his initial appeal, and thus Rafferty suffered no prejudice from the denial of his motion.

For the foregoing reasons, Rafferty's objections with respect to his second ground for relief are OVERRULED.

### B. Third ground for relief: Change of venue

Rafferty objects that pre-trial publicity violated his right to a fair trial and that the jury was inherently biased. (Objections at 6-7.) With respect to the latter objection, Rafferty states that he requires a hearing to develop the factual basis for the claim. (Objections at 7.)

A change in venue is required where prejudicial pretrial publicity jeopardizes a defendant's right to a fair trial. *Irvin v. Dowd*, 366 U.S. 717, 722-24 (1961); *Ritchie v. Rogers*, 313 F.3d 948, 956 (6th Cir. 2002). "'[I]n extraordinary cases, where the trial atmosphere has

---

[2] Even if the Court were to address the merits of Rafferty's objections, for the reasons stated in the Report and Recommendation, the Court finds that the objections are without merit. (Report and Recommendation at 12-14.)

[3] The Magistrate Judge recommended a finding that the denial of Rafferty's Rule 26(A) motion did not violate the Equal Protection Clause of the Fourteenth Amendment. As Rafferty has not objected to this recommendation, the Court deems his equal protection argument to be waived.

6

been utterly corrupted by press coverage, a court must presume that pre-trial publicity has engendered prejudice in the members of the venire.'" *White v. Mitchell*, 431 F.3d 517, 531 (6th Cir. 2005) (citations omitted; alteration in original). However, that presumption applies only in those very rare cases where "a trial [is] 'entirely lacking in the solemnity and sobriety to which a defendant is entitled in a system that subscribes to any notion of fairness and rejects the verdict of a mob.'" *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (quoting *Murphy v. Florida*, 421 U.S. 794, 799 (1975)), *superseded by statute on other grounds as recognized in Bowling v. Parker*, 344 F.3d 487, 501 n.3 (6th Cir. 2003). A presumption of prejudice is not appropriate here, as Rafferty has not provided any evidence that his trial was so infected with prejudice as to entirely lack any solemnity or sobriety.

Further, the Court finds no basis to overturn the determination by the Ohio court of appeals that the jury was not inherently biased. Even if pretrial publicity cannot be presumed to be prejudicial, a court still must determine if the publicity rose to the level of actual prejudice. *Ritchie v. Rogers*, 313 F.3d 948, 962 (6th Cir. 2002). "[A] searching voir dire of the prospective jurors is the primary tool to determine if the impact of the publicity rises to that level." *Id.* "A trial court's finding of juror impartiality may only be overturned where manifest error is present." *White*, 431 F.3d at 531 (citing *Mu'Min v. Virginia*, 500 U.S. 415, 428 (1991)).

Though the Ohio court of appeals did not cite any Supreme Court cases, it did cite several state cases consistent with Supreme Court precedent. *See Rafferty*, 2007 WL 2255243, at *2 (citing cases). Noting that "voir dire [in Rafferty's trial] was conducted over two days and resulted in over 800 pages of transcripts," the court found that "Rafferty ha[d] not alleged that any potential prejudice was demonstrated during any stage of this extensive voir dire," nor had he "offered [any] support" for his allegation that one juror was excused between the guilt and

7

mitigation phases due to prejudice. *Id.* The court concluded that "there is nothing in the record to support a finding that Rafferty's jury was biased by pretrial publicity." *Id.*

The Court finds that the disposition of the Ohio court of appeals was not contrary to or an unreasonable application of clearly established Supreme Court law. The Ohio court of appeals cited the proper legal test for prejudice and reasonably applied the facts to the law. Accordingly, Rafferty's objections with respect to his third ground for relief are OVERRULED.

**C. Fourth ground for relief: Ineffective assistance of trial counsel**

To determine whether counsel was ineffective, "the proper standard [. . .] is that of reasonably effective assistance [. . .] viewed as of the time of counsel's conduct" and considered "in light of all the circumstances." *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984). To prevail on an ineffective assistance claim, a petitioner must show: (1) his attorney's representation "fell below an objective standard of reasonableness"; and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694; *Beuke v. Houk*, 537 F.3d 618, 642 (6th Cir. 2008). In evaluating an ineffective assistance claim,

> [j]udicial scrutiny of counsel's performance must be highly deferential. [. . .] Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'

*Id.* at 689 (citation omitted). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citation omitted).

Rafferty argues that his trial counsel was ineffective for failing to (1) obtain an enhanced surveillance video from a BP gas station, which allegedly would have shown that Rafferty was not in the car that carried the victim's body to West Virginia, (2) cross-examine a

8

state witness who said that the tape could be enhanced, or (3) seek out and call several witnesses which would have impeached state witnesses. The Magistrate Judge recommended denying all three grounds, to which Rafferty has objected.

### (1) Failure to obtain an enhanced surveillance video

Rafferty contends that his surveillance video ineffective ground is meritorious, but that he requires a "hearing" to "fully develop" the claim. (Objections at 7-8.) However, even assuming *arguendo* that his counsel's performance was deficient, Rafferty has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694; *Beuke*, 537 F.3d at 642. Rafferty has not offered any evidence indicating that the videotape is able to be enhanced; in fact, the only evidence in the record indicates that the videotape *cannot* be enhanced.[4] In any event, even if the videotape could be enhanced, Rafferty has not shown that it would have altered the outcome of the trial. On cross-examination, Detective Frank Harrah, for the State, conceded he was not able to identify a license plate number or anybody getting in or out of the vehicle from the surveillance (Trial Transcript 961-62 (hereinafter "Tr.")), thereby indicating that the videotape had very little effect, if any, on the jury's verdict.[5] Additionally, as the Magistrate Judge noted, Rafferty's trial counsel discussed reasonable doubt on the basis of the poor quality of the surveillance video, which the Court finds was a reasonable strategic trial decision. As Rafferty has shown no prejudice resulting from his counsel's alleged deficient performance, his objection is OVERRULED.

---

[4] Detective Frank Harrah testified that the police attempted "to clarify" a copy of the tape in order to "be better able to see what [they] had," but that they were unable to create any "further clarity." (Trial Transcript 956, 963.)

[5] Detective Harrah's concession also suffices to refute Rafferty's claim that the surveillance video constituted "a vital piece of evidence used by the State to obtain a conviction against [Rafferty]." (Objections at 8.)

### (2) Failure to cross-examine a state witness

Rafferty alleges that his counsel was ineffective for failing to cross-examine an unidentified "state witness" who testified that the tape could be enhanced; the Magistrate Judge recommended a rejection of Rafferty's argument. (Report and Recommendation at 19-22.) As a preliminary matter, Rafferty cannot seek relief on this claim because it is procedurally defaulted. A district court may raise procedural default *sua sponte*. *Lorraine v. Coyle*, 291 F.3d 416, 426 (6th Cir. 2002); *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Rafferty did not raise this particular permutation of his ineffective assistance claim on direct appeal or in his Rule 26(A) or 26(B) motions. *Anderson*, 459 U.S. at 6; *Caver*, 349 F.3d at 346. The Court cannot ascertain any conceivable cause to excuse the procedural default.

But even if Rafferty had not procedurally defaulted on this claim, the Court agrees with the Magistrate Judge that Rafferty's claim is meritless. The only witness who appears to have testified as to the videotape's enhanceability—Detective Harrah—was cross-examined by Rafferty's attorney. Further, as noted above, during closing arguments, Rafferty's attorney appeared to attempt to raise reasonable doubt based upon the poor quality of the video. Rafferty has provided no reason to override the presumption that his counsel's course of conduct was a strategic decision. Rafferty's objections therefore are OVERRULED.

### (3) Failure to seek out and call witnesses to impeach state witnesses

Finally, the Magistrate Judge recommended denial of Rafferty's ineffective assistance claim with respect to an alleged failure to seek out and call impeaching witnesses. Rafferty objects that he should be afforded a hearing to develop the factual basis of this claim.

It is important to note that Rafferty has actually alleged two separate deficiencies: (1) the failure to seek out witnesses, and (2) the failure to call witnesses. Rafferty never raised the former ground in the state courts, and thus the Court elects to raise procedural default *sua sponte*. *Lorraine*, 291 F.3d at 426; *Day*, 547 U.S. at 209-10. Aside from procedural default, however, this ground is meritless. Rafferty has not stated which witnesses should have been pursued or what their likely testimony would be. Without any specific information, Rafferty cannot overcome the strong presumption of effective assistance. *See Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 (3d Cir. 1991) (habeas petitioner cannot show ineffective assistance "based on vague and conclusory allegations that some unspecified and speculative testimony might have established his defense. Rather, he must set forth facts to support his contention."); *compare Moss v. Hofbauer*, 286 F.3d 851, 864-65 (6th Cir. 2002) (speculation as to possible lines of cross-examination not pursued by trial counsel is not sufficient to show ineffective assistance, as "reliance upon hypotheticals contradicts *Strickland*'s admonition against second-guessing the performance of counsel").

With respect to the second alleged deficiency, an attorney's actions are strongly presumed to be the product of sound trial strategy, especially with respect to an attorney's decisions on whether to call witnesses or present other evidence. *See Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004). On habeas review, Rafferty must show that his counsel's failure to call certain witnesses was objectively unreasonable and prejudiced him. *Strickland*, 466 U.S. 687, 689-90, 694.

The Ohio court of appeals considered and rejected Rafferty's second alleged deficiency. Though the court did not cite *Strickland* or any other Supreme Court cases in its opinion, it did cite state cases consistent with the standards for ineffective assistance of counsel. *See Rafferty*, 2007 WL 2255243, at *3 (stating that "[d]ecisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics" and "[r]eviewing courts must not use hindsight to second-guess trial strategy, and must keep in mind that different trial counsel will often defend the same case in different manners," and citing cases). The court concluded:

> While Rafferty's appellate brief alleges what these witnesses would have stated, the record before this Court does not contain any proffered testimony from these witnesses. Accordingly, Rafferty has failed to demonstrate that the failure to call these witnesses was not a permissible trial tactic. As such, Rafferty has failed to demonstrate that his trial counsel erred in failing to call these witnesses.

*Id.* at *4.

The Ohio court of appeals reasonably determined that Rafferty did not make a sufficient showing to justify overriding the strong presumption of effective assistance of counsel.[6] Since the Ohio court of appeals opinion was neither contrary to nor unreasonably applied *Strickland* and its progeny, Rafferty's objection is OVERRULED.

**D. Fifth ground for relief: Insufficiency of evidence as a matter of law**

"In reviewing an insufficiency-of-the-evidence claim, [a court] must consider 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Castano*, 543 F.3d 826, 837 (6th Cir. 2008) (quoting *United States v. Newsom*, 452 F.3d 593, 608 (6th Cir. 2006)). A habeas petitioner's conviction may be reversed "only if the judgment is not supported by substantial and competent evidence upon the record as a whole."

---

[6] Indeed, even on habeas review, Rafferty still has failed to proffer any proposed testimony from the uncalled witnesses, which renders his ground for relief highly speculative and thus disfavored. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002).

12

*United States v. Barnett*, 398 F.3d 516, 521-22 (6th Cir. 2005). The Magistrate Judge recommended finding that sufficient evidence existed to sustain Rafferty's conviction for aggravated murder. Rafferty objects, stating that he "will rely upon his traverse in rebutting" this recommendation. (Objections at 9-10.) In support of his fifth and sixth grounds for relief, Rafferty stated in his Traverse, in full, that

> [a]ll of the evidence placing petitioner with involvement [sic] with this murder came from self-confessed murders [sic] who were attempting to garnish a better deal from the state in their attempts to avoid the death penalty. Such self serving evidence should not be sufficient to convict.

(Traverse at 5.) Evidently, Rafferty argues solely that the witnesses who testified against him were not credible. Under habeas review, however, a court may not re-weigh the testimony or re-determine the credibility of witnesses, as that is solely the province of the jury. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (citing *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993)). Accordingly, Rafferty's objection with respect to his sixth ground for relief is OVERRULED.

### E. Seventh ground for relief: Cumulative errors at trial

Under Sixth Circuit precedent, claims of cumulative error are not cognizable in a habeas proceeding. *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006) (citing *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005)). Rafferty concedes that the Magistrate Judge correctly stated Sixth Circuit precedent on this matter, but objects that Sixth Circuit precedent should be overruled. (Objections at 10-11.) As only the Supreme Court or the Sixth Circuit sitting en banc have the power to overrule Sixth Circuit precedent, *Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009), the Court OVERRULES Rafferty's objection.

### F. Eighth ground for relief: Prosecutorial misconduct

Rafferty's prosecutorial misconduct ground for relief is based upon the following

statement in the prosecutor's closing argument at trial:

> The shop vac, there is the link. The only link they want to downplay is the shop vac, which Detective Harrah got from Voris [Street] because that's where Lisa Penix told him it was. But the reason it became important was because she said it was used to clean up the basement [where the murder occurred]. That's why it's important, not for any other reason.

*See Rafferty*, 2007 WL 2255243, at *12. It is undisputed that the prosecutor misstated this part of the evidence—the shop vac was not recovered from a Voris Street address (where Rafferty resided), but at a Mogadore Street address (where Penix resided). *Id.* The Magistrate Judge recommended that this ground be denied, and Rafferty has offered several objections. (Objections at 11-12.)

Rafferty procedurally defaulted this ground and thus is not entitled to relief. Rafferty failed to object to the misstatement during the trial, and accordingly the Ohio court of appeals directly reviewed under a plain error standard. *Rafferty*, 2007 WL 2255243, at *11. Under Sixth Circuit precedent, a failure to contemporaneously object to a prosecutor's closing statement "constitutes an adequate and independent state ground barring federal habeas review and [. . .] the application of plain error review constitutes enforcement of the rule." *Awkal v. Mitchell*, 559 F.3d 456, 469 (6th Cir. 2009) (quoting *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005)). As this Court may raise issues of procedural default *sua sponte*, *Lorraine*, 291 F.3d at 426; *Day*, 547 U.S. at 209-10, the Court finds that Rafferty procedurally defaulted this claim.

Notwithstanding the procedural default, the Court will address the merits of Rafferty's ground for relief. To determine if a prosecutor's remark violates due process, a court must determine (1) whether the prosecutor's remark was improper, and (2) if so, whether the remark was flagrant. *Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citation omitted). "In deciding whether prosecutorial misconduct mandates that habeas relief be granted, the Court must apply the harmless error standard." *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997).

14

As the Ohio court of appeals considered Rafferty's prosecutorial misconduct argument, this Court reviews that decision for objective unreasonableness. 28 U.S.C. § 2254(d)(1); *Brown*, 544 U.S. at 141.

It is undisputed that the prosecutor misstated the evidence in the record, and thus the Ohio court of appeals correctly concluded that the prosecutor's remark was improper. *See Rafferty*, 2007 WL 2255243, at *12; *Macias*, 291 F.3d at 452 (a prosecutor is not allowed to misstate evidence). As for determining whether an improper remark is flagrant, a court is to consider the following four factors: (1) whether the remark tended to mislead the jury or prejudice the defendant; (2) whether the remark was isolated or extensive; (3) whether the remark was deliberately made; and (4) whether the evidence against the defendant was strong. *Macias*, 291 F.3d at 452 (citing *United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001)).

The Ohio court of appeals rejected Rafferty's claim of prosecutorial misconduct. First, the court found that the jury was unlikely to be misled because the prosecutor informed the jury at the beginning of his closing that his arguments were not evidence and that the jury was to rely upon its own memory of the evidence in its deliberations.[7] *Rafferty*, 2007 WL 2255243, at *12. The court also noted that "the State emphasized that the shop vac had been used to clean up the crime and that was the only reason that it was important," *id.*; thus, no prejudice could have resulted to Rafferty because the prosecutor's remark related only to the tampering with evidence charge, not the aggravated murder charge. The court found the remark to be isolated, given that it was made a single time during a closing argument utilizing approximately fifty pages of transcript. *Id.* Finally, the court found in an earlier section of its opinion that "all of the evidence

---

[7] The prosecutor's statements to that effect followed upon the trial court's instructions to the jury that closing arguments were not evidence, and that the jury was to rely on its own recollection of the evidence if it differed from counsels' accounts. (Tr. 1477-78.)

15

presented weigh[ed] against Rafferty." *Id.* at *4-11. This Court also notes that there is no indication in the record that the prosecutor deliberately attempted to mislead the jury.

This Court cannot say that the Ohio court of appeals reached an objectively unreasonable conclusion. Though it did not formally enumerate the *Macias* factors, the court analyzed the prosecutorial misconduct claim in a manner consistent with those factors. Further, the court reasonably determined, in light of the record, that the prosecutor's remark did not constitute misconduct. As the Ohio court of appeals reasonably determined that Rafferty could not establish prosecutorial misconduct, Rafferty's objections with respect to his eighth ground for relief are OVERRULED.

### G. Ninth ground for relief: Judicial misconduct

In order to show judicial misconduct, a habeas petitioner must show that "the conduct of the trial court is 'egregious, and fairly capable of characterization as beyond that necessary to fulfill the role of governor of the trial for the purpose of assuring its proper conduct and of determining questions of law.'" *Todd v. Stegal*, 40 F. App'x 25, 27 (6th Cir. 2002) (quoting *United States v. Tilton*, 714 F.2d 642, 645 (6th Cir. 1983)). The trial judge's conduct must be examined in the context of the entire trial "to determine whether the behavior was so prejudicial as to violate due process." *Harrington v. Iowa*, 109 F.3d 1275, 1280 (8th Cir. 1997).

The Ohio court of appeals, as well as the Magistrate Judge, correctly determined that Rafferty has offered no evidence of conduct by the trial judge rising to the level of actual prejudice. *See Rafferty*, 2007 WL 2255243, at *12-13. Indeed, Rafferty conceded on direct appeal that no evidence of the alleged bias of the trial judge could be found in the trial record. *Id.* at *13. Given the record before it, the Ohio court of appeals' rejection of Rafferty's judicial misconduct claim was not objectively unreasonable.

Implicitly conceding his utter lack of supporting evidence, Rafferty objects that he is entitled to an evidentiary hearing. Under federal law, a defendant who has failed to develop a factual basis for a claim in state court may only seek an evidentiary hearing if "the factual predicate could not have been previously discovered through the exercise of due diligence," and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty." 28 U.S.C. § 2254(e)(2). "Diligence [. . .] depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court[.]" *Williams*, 529 U.S. at 432. "[W]hen a defendant diligently seeks an evidentiary hearing in the state courts in the manner prescribed, but the state courts deny him that opportunity, he can avoid § 2254(e)(2)'s barriers to obtaining a hearing in federal court." *McAdoo v. Elo*, 365 F.3d 487, 500 (6th Cir. 2004).

In his Objections, Rafferty argues for the first time that he "has demonstrated due diligence in attempting to develop the video tapes" of the trial that will allegedly show the biased actions, and that he sought a hearing in state courts to develop his claim. (Objections at 13.) Rather than enumerate any specific actions, however, Rafferty simply offers the parenthetical: "See State of Ohio Return of Writ attached exhibits." (*Id.*) Rafferty's prevarication is obvious, as his court filings do not indicate that he ever sought an evidentiary hearing in state court. (*See* Doc. No. 8 Ex. 3 at 23-24; Ex. 5 at 13-14; Ex. 12 at 8.) Rafferty cannot avoid § 2254(e)'s bar to an evidentiary hearing, and accordingly his objections are OVERRULED.

17

## IV. CONCLUSION

For the foregoing reasons, Rafferty's objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**, the Report and Recommendation is **ACCEPTED**, and Rafferty's petition for writ of habeas corpus is **DENIED**. Seeing no cause for an evidentiary hearing, the Court further **DENIES** Rafferty's motion for an evidentiary hearing. (Doc. No. 13.)

As Rafferty has not made a substantial showing of the denial of a constitutional right, this Court certifies, pursuant to 28 U.S.C. § 2553(c), that there is no basis on which to issue a certificate of appealability.

**IT IS SO ORDERED**.

Dated: July 14, 2009

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**